IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FARMLAND PARTNERS INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:21-CV-1305-D |
| | § | |
| FIRST SABREPOINT CAPITAL | § | |
| MANAGEMENT LP et al., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Plaintiff's complaint, filed June 7, 2021, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to allege properly the citizenship of defendant First Sabrepoint Capital Management, LP ("First Sabrepoint") and may fail to allege properly the citizenship of defendant Sabrepoint Capital Partners, LP ("Sabrepoint Capital").

Plaintiff appears to correctly recognize that the citizenship of First Sabrepoint is based on the citizenship of its partners. *See, e.g., Diffley v. JPMorgan Chase Bank, N.A.*, 2013 WL 12131599, at *2 (N.D. Tex. Dec. 19, 2013) (Cureton, J.) ("It is black letter law that diversity jurisdiction in a case involving a limited partnership or limited liability partnership is based on the citizenship of all members of the partnership." (citation omitted)).  Plaintiff alleges that First Sabrepoint's only partners are George Baxter ("Baxter") and First Sabrepoint Capital, LLC ("FSC"). Compl. ¶ 3. But while plaintiff has properly pleaded that Baxter is a Texas citizen, it has not properly pleaded the citizenship of FSC.  This is so because FSC is alleged to be a limited liability company, and plaintiff has not identified and properly pleaded the citizenship of each of FSC's members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have

addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[T]o establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." (quotation marks and citation omitted)).

It also appears that the complaint may fail to properly plead the citizenship of Sabrepoint Capital. Although the complaint is not entirely clear, plaintiff appears to allege that Sabrepoint Capital has one general partner, defendant Sabrepoint Capital Participation, L.P. ("Sabrepoint Capital Participation"), and that Sabrepoint Capital Participation, in turn, has one general partner, Sabrepoint Capital Fund GP, LLC ("Sabrepoint Capital Fund"). *Id.* at ¶¶ 4-5. The citizenship of Sabrepoint Capital Fund is properly pleaded because defendant Baxter, a Texas citizen, is alleged to be the sole member of Sabrepoint Capital Fund. *Id.* at ¶ 4. But the citizenship of Sabrepoint Capital Participation may not be properly pleaded, which impacts whether Sabrepoint Capital's citizenship is properly pleaded.

On the one hand, ¶ 5 of the complaint may refer Baxter as the general partner of Sabrepoint Capital Participation, and to Baxter and three other individuals as the limited partners of Sabrepoint Capital Participation. If so, it properly pleads the Texas citizenship of these persons and, in turn, the citizenship of Sabrepoint Capital Participation, and, in turn, the citizenship of Sabrepoint Capital. On the other hand, ¶ 4 of the complaint alleges that "Baxter is also its general partner's only limited partner, and on information and belief none of its limited partners are citizens of Maryland or Colorado." *Id*. at ¶ 4. If this allegation refers to Sabrepoint Capital Participation, and if it is not cured by the more specific allegations of ¶ 5, it is deficient. This is because it is improper to allege

diversity of citizenship without distinctly and affirmatively alleging the citizenship of each party. *See Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that allegation that defendant was not citizen of particular states did not establish citizenship for diversity purposes).

Until plaintiff properly pleads diversity of citizenship, this court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam). Accordingly, no later than 21 days from the date of this order, plaintiff must file an amended complaint that properly alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332; otherwise, this action will be dismissed without prejudice for want of subject matter jurisdiction.

**SO ORDERED**.

June 15, 2021.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE